## Hartman v. Engine Specialties, Inc.

*Randolph A. Warden,* for plaintiff.
*Lawrence F. Flick,* for defendant.

TREDINNICK, J., June 19, 1970.—Plaintiff seeks to recover damages allegedly suffered from defendant's untimely termination of an exclusive distributorship agreement between plaintiff and defendant. The area of the distributorship was a five-State southern territory. Pursuant to Pa. R. C. P. 4005 and 4006, plaintiff filed interrogatories, and moves this court to impose sanctions, alleging defendant failed to properly answer certain enumerated interrogatories. The contested interrogatories will be dealt with serially.

The second interrogatory requests defendant to state in what States plaintiff acted on behalf of defendant. Defendant answered that it had no knowledge "as to whether plaintiff acted on its behalf in the aforesaid five States."

Plaintiff's objection to the answer is without merit. The answer is complete. Defendant has specified it has no knowledge. Without knowledge, it can say no more.

The fourth interrogatory seeks to learn how many distributorships defendant had in January 1968, and

in December 1968. Defendant refused to answer this interrogatory on the ground that distributorships in areas other than that assigned to plaintiff are not germane to the issues in the case, and, further, that such information is privileged. We need not consider the second contention, in that we are satisfied that the question is not relevant.

The seventh interrogatory requests the names and addresses of each dealer of defendant in January 1968, in December 1968 and at present, in each of the States encompassed within plaintiff's alleged exclusive distributorship area. Defendant has answered that as to both dates in 1968, the only dealers were those created by plaintiff, and that defendant "has no knowledge as to their identity or date of existence." As to listing present dealers, defendant claims this is privileged information.

Two-thirds of the answer to this interrogatory is proper. The information relating to January and December of 1968 has been answered, defendant does not know. The last portion of the interrogatory, however, is a proper inquiry and has not been answered by defendant. Plaintiff claims as part of his damages loss of anticipated profits. It is not without the realm of possibility that the present number of dealerships in the area he claims to have been wrongfully taken from him may have a bearing on damages. Such information does not fall within the category of "privileged information" under Rule 4011(c).

The eighth interrogatory requests "net sales (gross sales less cancellation and returns), for each dealer or distributor of defendant" in plaintiff's alleged exclusive area at three times: (1) The month of January 1968; (2) February 1, 1968, to December 8, 1968; and (3) December 8, 1968, to date. Defendant answered this interrogatory by incorporating the seventh answer and adding: "Defendant has no knowledge of

net sales made to dealers which were created by plaintiff."

As to the first two time periods, defendant has stated in the answer to the sixth interrogatory that from January 1968 to December 9, 1968, the only *distributor* was plaintiff, and by his answer to the seventh interrogatory, that in that same period, the only *dealers* were those created by plaintiff. This being the case, the requested information is of necessity within plaintiff's knowledge and, therefore, no further answer is required of defendant.

The third time period again poses a different question. Defendant has given no answer to this phase of the interrogatory, either directly or by inference from information contained in other answers to the interrogatories. It is not entirely clear whether or not defendant claims this information to be privileged.

Defendant has stated that since December 8, 1968, there has been but one distributor in the subject area. Again we note that plaintiff seeks as part of his damage loss of anticipated profits. Net sales to that distributor since December 8, 1968, may have a bearing upon that aspect of damage, and such information is in no way privileged. Accordingly, defendant should be required to answer that aspect of this interrogatory.

Similarly, net sales of *dealers* may also have a bearing on the issue of loss of anticipated profits. Whether that information is within the knowledge of defendant is unknown to the court. Presumably, defendant sells to the distributor, and the distributor has knowledge of its sales to the dealers. Whether the distributor has knowledge of sales of dealers to the ultimate customer is also problematical. Accordingly, as to this aspect of this interrogatory, the court may direct only that a responsive answer be filed to the

extent that defendant has knowledge of the requested information.

Accordingly the court enters the following order:

And now, June 19, 1970, defendant is directed to file supplemental answers within 20 days to interrogatories seven and eight in accordance with the foregoing opinion.